On respondent's petition for reconsideration filed February 15, and appellant's response to petition for reconsideration filed February 22, reconsideration allowed; former opinion (218 Or App 31, 178 P3d 286) modified and adhered to as modified; former disposition withdrawn; reversed and remanded for entry of judgment imposing remedial fine in the amount of $24,663.60; otherwise affirmed April 16, 2008

## OREGONIANS FOR SOUND ECONOMIC POLICY, INC.,
an Oregon nonprofit corporation,
*Plaintiff-Respondent,*

*v.*

## STATE ACCIDENT INSURANCE FUND CORPORATION,
an independent public corporation,
*Defendant-Appellant.*

Marion County Circuit Court
00C15769; A128735

182 P3d 895

John DiLorenzo, Jr., Gregory A. Chaimov, Aaron K. Stuckey, and Davis Wright Tremaine LLP for petition.

William F. Gary, Sharon A. Rudnick, C. Robert Steringer, and Harrang Long Gary Rudnick P.C. for response.

Before Landau, Presiding Judge, and Haselton, Judge, and Schuman, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff, Oregonians for Sound Economic Policy, Inc. (OSEP), seeks reconsideration of our decision, *Oregonians for Sound Economic Policy v. SAIF*, 218 Or App 31, 178 P3d 286 (2008). The principal issue in that decision was the validity of the trial court's award of monetary sanctions and attorney fees in response to defendant, State Accident Insurance Fund Corporation's (SAIF), contempt of the court's order for SAIF to produce certain documents. Both amounts were substantial; the trial court ordered a total of $735,370 in monetary sanctions, plus $490,000 in attorney fees.

SAIF contended that the court lacked authority to award any monetary sanctions, including attorney fees, because SAIF is protected by sovereign immunity. In the alternative, SAIF argued that, even if sovereign immunity does not bar any award, the particular sanctions in this case are impermissible to the extent that they are punitive in nature, because OSEP sought only remedial sanctions. *Id.* at 33.

We rejected SAIF's contention that sovereign immunity barred the imposition of sanctions against it, concluding that, whether or not SAIF is an instrumentality of the state, the court possesses the inherent authority to enforce its own orders through the imposition of sanctions for contempt. *Id.* at 50. We agreed with SAIF, however, that the amount was impermissible because the bulk of the sanction was punitive in nature. *Id.* at 55. In consequence, we reversed and remanded for entry of judgment in an amount that was purely remedial in nature, $24,663.60. *Id.* at 55. Because that constituted a substantial reduction in the amount of the sanctions, we also remanded for reconsideration the trial court's award of attorney fees. *Id.*

OSEP now seeks reconsideration of our disposition of the attorney fee award. It does so on the ground that, at trial, the parties stipulated to an amount of attorney fees.

The facts pertaining to that matter are not in dispute. Following the trial court's decision on the motion for contempt sanctions, OSEP submitted a petition for an award

of attorney fees and costs totaling approximately $690,000. SAIF objected to the petition for attorney fees and costs on a variety of grounds, including that, because SAIF is entitled to sovereign immunity, the court lacked authority to award attorney fees at all. In the meantime, SAIF filed a notice of appeal. The parties then decided to settle their differences as to the attorney fee dispute. As the supplemental judgment awarding the attorney fees explains:

"The parties have agreed to settle and compromise their differences regarding the amounts sought by plaintiff's attorney fee petition and cost bill. Defendant has filed a timely notice of appeal from the General Judgment of Contempt, and intends to assign as error the Court's award of attorney fees to plaintiff. If plaintiff's entitlement to an award of attorney fees is affirmed on appeal, plaintiff and defendant agree that the amount to be awarded to plaintiff for its reasonable attorney fees, costs, disbursements and prevailing party fee shall be $490,000."

SAIF did assign as error the trial court's award of attorney fees. The sole contention in that regard was that sovereign immunity barred the award; in other words, the sole question pertained to OSEP's "entitlement" to attorney fees. As noted, we rejected SAIF's contention. That is to say, we rejected SAIF's only argument pertaining to OSEP's entitlement to an award of attorney fees.

From that, it seems necessarily to follow that OSEP is correct that the stipulation expressed in the supplemental judgment controls and that the amount to be awarded to OSEP for its attorney fees, costs, disbursements, and the like is the $490,000 that the trial court awarded.

SAIF does not contest that it entered into the stipulation. It nevertheless argues that the stipulation does not apply. According to SAIF, our opinion did not affirm OSEP's entitlement to attorney fees; rather "it reversed the attorney fee award and remanded the matter to the trial court for reconsideration."

SAIF's observation is true, as far as it goes. We did reverse the attorney fee award and remand the matter to the trial court. The question posed by OSEP's petition for reconsideration, however, is whether we should have done so in

light of the stipulation. On that question, we think that OSEP has a valid point: This court rejected SAIF's only argument regarding OSEP's entitlement to attorney fees. At that point, we effectively affirmed as to the issue of entitlement, leaving only the issue as to the amount for the trial court's reconsideration in light of our reduction in the amount of the contempt sanction. Given that the parties have stipulated to the amount, however, that stipulation controls. We therefore withdraw that portion of our former disposition reversing and remanding the award of attorney fees.

Reconsideration allowed; former opinion modified and adhered to as modified; former disposition withdrawn; reversed and remanded for entry of judgment imposing remedial fine in the amount of $24,663.60; otherwise affirmed.